NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
29177
17-NOV-2010
09:28 AM**

NO. 29177

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

SPECIAL PROCEEDINGS NO. 03-1-0401
In the Matter of the Arbitration Between,
UNITED PUBLIC WORKERS, AFSCME, LOCAL 646, AFL-CIO,
Union-Appellant,
and
CITY AND COUNTY OF HONOLULU, DEPARTMENT OF ENVIRONMENTAL
SERVICES, COLLECTIONS SYSTEM,
Employer-Appellee.

SPECIAL PROCEEDINGS NO. 03-1-0400
In the Matter of the Arbitration Between
UNITED PUBLIC WORKERS, AFSCME, Local 646, AFL-CIO,
Union-Appellant,
and
CITY AND COUNTY OF HONOLULU, DEPARTMENT OF ENVIRONMENTAL
SERVICES, COLLECTIONS SYSTEM (Griev. Of A__ P__
re: submittal to alcohol breathalyzer test; Sections 11
and 63; CA-02-25; 2002-0421),
Employer-Appellee.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, Foley, and Reifurth, JJ.)

Union-Appellant United Public Workers, AFSCME, Local
646, AFL-CIO (UPW) appeals from the following judgment and orders
that were entered by the Circuit Court of the First Circuit

(circuit court)[1] on remand from a previous decision of this court: 1) the April 28, 2008, "Judgment on Remand"; 2) the April 28, 2008, "Order Denying UPW's Motion to Enforce Judgment on Back Pay Award, to Assess Interest, Costs, Attorney's Fees & for Other Appropriate Relief" (Order Denying Enforcement); and 3) the May 30, 2008, "Order Denying UPW's Motion to Remand to Arbitrator Paul S. Aoki for Rehearing on Remedy" (Order Denying Remand). For the reasons set forth below, we conclude that the case must be sent back to the arbitrator for the arbitrator's reconsideration of the back pay portion of the arbitrator's decision. Accordingly, we vacate the circuit court's Judgment on Remand, Order Denying Enforcement, and Order Denying Remand, and we remand the case for further proceedings consistent with this Summary Disposition Order.

I.

A.

The background facts are set forth in detail in our prior decision, a memorandum opinion we issued in <u>United Public Workers, AFSCME, Local 646, AFL-CIO v. City and County of Honolulu</u>, No. 26347, 2007 WL 1174175 (Hawaiʻi App. 2007) (hereinafter, "Memorandum Opinion"). The facts pertinent to this appeal are summarized as follows.

Grievant Aleigh Pearson (Pearson or Grievant) was employed in the position of Wastewater Collection System Helper (helper) in the Collection System Maintenance Division of the Department of Environmental Services for the City and County of Honolulu. To work in the helper position, Pearson was not required to have a commercial driver's license (CDL). Pearson applied for a promotion to a vacant position of Wastewater Collection System Repairer (repairer) which did require that the employee have a CDL. Pearson did not have a valid CDL license. In anticipation of his enrollment for CDL training, Pearson was sent by his employer, the City and County of Honolulu (City or

---

[1] The Honorable Sabrina S. McKenna presided.

Employer) for preemployment drug and alcohol tests. Pearson's test results for alcohol exceeded the acceptable limit.

After receiving the results, the City realized that subjecting Pearson to a preemployment alcohol test violated the terms of the applicable collective bargaining agreement (CBA). Therefore, the City did not implement standard disciplinary procedures for an alcohol testing violation. However, the City decided to retain the records for Pearson's test results and require him to undergo a substance abuse evaluation and, if necessary, a treatment program before permitting him to train for a CDL.

In response, UPW filed a grievance with the City on behalf of Pearson, and the grievance was eventually submitted to arbitration, in accordance with the CBA, before Paul S. Aoki, Esq. (Arbitrator). Because the City conceded that it violated the CBA by testing Pearson for alcohol, the parties agreed that the sole issue for the Arbitrator's determination was what the appropriate remedy should be for the City's admitted violation.

The Arbitrator issued a decision (Arbitrator's Decision), in which he ordered the following remedy:

> 1.  The Employer shall remove all records pertaining to the alcohol test from Grievant's records and they shall not be used against him in any way.
>
> 2.  The Employer shall allow Grievant to participate in CDL training.
>
> 3.  The Employer shall promote Grievant to the position of Wastewater Collection System Repairer.
>
> 4.  Employer shall pay Grievant the difference between the Wastewater Collection System Repairer's rate of pay and the pay that he actually received from the date that the four Wastewater Collection System Repairer positions were filled in June 2003 until the date of Grievant's promotion to Wastewater Collection System Repairer.

UPW filed a motion in the circuit court to correct a typographical error and to confirm the Arbitrator's Decision, and the City filed a motion to vacate the Arbitrator's Decision. The circuit court issued an order which granted UPW's motion and denied the City's motion. (Order Granting UPW's Motion to Confirm). The City appealed.

3

This court issued its Memorandum Opinion which held that: 1) the Arbitrator exceeded his authority and violated public policy by ordering the City to promote Pearson, who did not have a valid CDL, to the position of repairer; and 2) the Arbitrator did not exceed his authority or violate public policy by ordering the City a) to remove all records pertaining to Pearson's alcohol test from his records; and b) to allow Pearson to participate in CDL training.  We vacated the circuit court's Order Granting UPW's Motion to Confirm and remanded the case for further proceedings consistent with the Memorandum Opinion.

B.

While the case was on appeal, Pearson was terminated by the City for reasons unrelated to his alcohol-testing grievance. UPW grieved Pearson's dismissal and eventually entered into a settlement with the City which provided for Pearson's resignation.  The UPW sought back pay from the City, up to the date of Pearson's resignation, based on the Arbitrator's Decision in the alcohol-testing grievance.  The amount of back pay requested was $19,492.  The City refused to pay the requested back pay.

On remand from this court's Memorandum Opinion, UPW filed in the circuit court a "Motion to Enforce Judgment on Back Pay Award, to Assess Interest, Costs, Attorney's Fees & for Other Appropriate Relief" (Motion for Enforcement).  In the Motion for Enforcement, UPW sought to enforce the Arbitrator's back pay award -- the difference between the repairer's rate of pay and the rate he received as helper -- computed up to the date of Pearson's resignation as well as interest on the back pay, costs, and attorney's fees.  The circuit court denied UPW's Motion for Enforcement "without prejudice" on the issue of whether the matter should be remanded back to the Arbitrator for rehearing on the issue of back pay.  The circuit court's decision was set forth in its Order Denying Enforcement.

4

UPW filed a "Motion to Remand to Arbitrator Paul S. Aoki for Rehearing on Remedy" (Motion for Remand). UPW argued that the case should be remanded to the Arbitrator to permit the Arbitrator to clarify or determine what remedy he would have imposed if he knew that he was precluded from ordering the City to promote Pearson to the repairer position. The circuit court denied UPW's Motion for Remand as set forth in the circuit court's Order Denying Remand. The circuit court entered a Judgment on Remand in favor of the City.

## II.

On appeal, UPW argues that the circuit court erred by: 1) failing to grant the relief requested in UPW's Motion for Enforcement, namely, enforcement of the back pay component of the Arbitration Decision as well as interest on the back pay, attorney's fees, and costs; 2) denying UPW's alternative request that the case be remanded to the Arbitrator to determine the appropriate remedy in light of this court's Memorandum Opinion which held that the Arbitrator had exceeded his authority in ordering Pearson's promotion to the repairer position; and 3) entering Judgment on Remand in favor of the City.

## III.

The Hawai'i Supreme Court "has confined judicial review of arbitration awards to the strictest possible limits. This is because of the legislative policy encouraging arbitration and thereby discouraging litigation." Gepaya v. State Farm Mut. Auto. Ins. Co., 94 Hawai'i 362, 365, 14 P.3d 1043, 1046 (2000) (internal quotation marks, brackets, ellipsis points, and citations omitted).

"[A]rbitrators . . . normally have broad discretion to fashion appropriate remedies." Hokama v. University of Hawai'i, 92 Hawai'i 268, 273, 990 P.2d 1150, 1155 (1999). In submitting a dispute to arbitration, it is the judgment of the arbitrator that the parties bargained for, and not the judgment of the court. Morrison-Knudsen Co. v. Makahuena Corp., 66 Haw. 663, 670, 675 P.2d 760, 766 (1983). Accordingly, "[a] court may not substitute

its judgment for that of the arbitrator . . . ." Kern v. Krackow, 765 N.Y.S.2d 790, 791 (N.Y. App. Div. 2003); Kennecott Utah Copper Corp. v. Becker, 195 F.3d 1201, 1207 (10th Cir. 1999).

IV.

In this case, the Arbitrator ordered the City to promote Pearson "to the position of Wastewater Collection System Repairer." The Arbitrator further ordered the City to "pay Grievant the difference between the Wastewater Collection System Repairer's rate of pay and the pay that he actually received from the date that the four Wastewater Collection System Repairer positions were filled in June 2003 until the date of Grievant's promotion to Wastewater Collection System Repairer."

In our Memorandum Opinion, we held that the Arbitrator exceeded his authority and violated public policy by ordering the City to promote Pearson to the repairer position, a position that required a CDL license, when Pearson did not have a CDL license. We did not address the effect that our ruling on the Arbitrator's promotion order would have on the Arbitrator's back pay award.

In the wake of our Memorandum Opinion, the parties dispute whether the Arbitrator's back pay award was directly tied to his decision to order the City to promote Pearson to the repairer position. The City argues that the back pay award "is premised on the promotion[.]" UPW, on the other hand, argues that the Arbitrator's back pay award was "separate and distinguished from the promotion." The short answer is that we cannot tell, based on the existing record, whether the Arbitrator's award of back pay was tied to or independent of his order to promote Pearson to the repairer position. In other words, our Memorandum Opinion has made the Arbitrator's Decision on back pay ambiguous.

Since it is the judgment of the Arbitrator, and not that of the court, that the parties have bargained for, we

conclude that the case must be remanded to the Arbitrator for reconsideration of the back pay portion of the Arbitrator's Decision in light of this court's Memorandum Opinion. If the Arbitrator's back pay award was tied to his promotion order, the Arbitrator may choose to refashion a different remedy.

Our decision to remand the case back to the Arbitrator means that UPW's Motion for Enforcement and the circuit court's Order Denying Enforcement were premature. We therefore vacate the Order Denying Enforcement. We agree with UPW that the circuit court erred in entering a Judgment on Remand in favor of the City. In our Memorandum Opinion, we upheld the portions of the Arbitrator's Decision that ordered the City to remove all records pertaining to Pearson's alcohol test from his records and to allow Pearson to participate in CDL training. Thus, the circuit court should have entered a judgment in favor of UPW confirming these portions of the Arbitrator's Decision.

V.

For the foregoing reasons, we vacate the circuit court's Judgment on Remand, Order Denying Enforcement, and Order Denying Remand, and we remand the case for further proceedings consistent with this Summary Disposition Order. On remand, we direct the circuit court to enter a judgment that 1) confirms the portions of Arbitrator's Decision that ordered the City to remove all records pertaining to Pearson's alcohol test from his records and to allow Pearson to participate in CDL training;[2] 2) vacates the portions of the Arbitrator's Decision that ordered Person's promotion to the repairer position and awarded back pay; and 3) remands the case to the Arbitrator for reconsideration of the

_____

[2] Because Pearson has resigned from his employment with the City, it appears that the City's obligation under the Arbitrator's Decision to allow Pearson to participate in CDL training has ended.

back pay portion of the Arbitrator's Decision in light of our Memorandum Opinion invalidating the Arbitrator's promotion order.

DATED: Honolulu, Hawai'i, November 17, 2010.

On the briefs:

Herbert R. Takahashi
Danny J. Vasconcellos
Rebecca L. Covert
(Takahashi Vasconcellos & Covert)
Attorneys for Union-Appellant

John S. Mukai
Deputy Corporation Counsel
City and County of Honolulu
Attorney for Employer-Appellee

*Craig H. Nakamura*

Chief Judge

*Daniel R. Foley*

Associate Judge

*Lawrence M. Reifurth*

Associate Judge